UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PEDRO PEREZ,<br><br>    Defendant. | Case No. 1:25-cr-00110-AKB<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO REVOKE DETENTION ORDER** |

Pending before the Court is Defendant Pedro Perez's Motion to Revoke Detention Order (Appeal) (Dkt. 30). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court denies Defendant's motion.

## I.    BACKGROUND

According to the Government's proffer, law enforcement arrested Defendant on March 24, 2025, for attempted strangulation of his longtime live-in girlfriend and the mother of his child in the presence of that child (Dkt. 32 at 2; Dkt. 29 at 3-4). Officers learned that domestic violence issues often arose between Defendant and the victim after Defendant returned from a storage unit, which he admitted renting (Dkt. 32 at 7). Defendant also admitted using marijuana in the unit but denied it contained anything illegal (*id.*) After a drug detection dog altered to the unit, law enforcement obtained and executed a state search warrant (*id.*).

**MEMORANDUM DECISION AND ORDER - 1**

During the search of the storage unit, law enforcement discovered five firearms, including a Glock 22 .40 caliber pistol, a Maverick by Mossberg 12-gauge shotgun, a Tikka T3x .270 caliber rifle, a Rossi .22 caliber rifle, and a Remington 770 30-06 caliber rifle (*id.* at 2-3). On April 8, 2025, Defendant was federally indicted in this case and charged with one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. 2). The indictment alleges Defendant has been previously convicted of a felony, aggravated assault, in 2014 and that, despite this conviction, he knowingly possessed the five firearms discovered in the storage unit (*id.*). The Government moved for detention, and Defendant waived his right to a detention hearing (Dkts. 6, 14).

After Defendant pled guilty in state court to domestic violence with traumatic injury for his attempt to strangle the victim and the state court sentenced him to probation for that conviction, Defendant moved to reopen his detention hearing in this case (Dkt. 22). In support, he stated he has a viable release plan and is no longer in state custody (*id.* at 3). The Magistrate Court granted Defendant's motion to reopen but, after a hearing, it denied his request to be released from detention (Dkts. 27, 28). Defendant appeals the Magistrate Court's order of detention and moves to revoke that order (Dkt. 30). Defendant argues that the Government "cannot show [Defendant] is likely to pose a danger or not appear for court" (*id.* at 2). The Government opposes the motion and focuses on Defendant's dangerousness (*see generally* Dkt. 32).

## II.    LEGAL STANDARD

The district court reviews a magistrate court's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). In this context, de novo means that the district court reviews the evidence before the magistrate court and makes its own independent determination whether the magistrate court's findings are correct with no deference. *Id.* at 1193.

The district court may also consider new evidence offered by the parties. *Id.* The rules of evidence do not apply in pretrial detention proceedings, Fed. R. Evid. 1101(d)(3), and the court may properly consider evidence offered as hearsay or by proffer. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

### III.    ANALYSIS

The Bail Reform Act governs a defendant's detention pending trial. 18 U.S.C. § 3142. The Act mandates a defendant's release unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Here, the Government does not argue Defendant poses a flight risk; rather, it focuses on whether Defendant poses a danger to the community. The Government must prove that a person presents a danger to the community by clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The Court considers four factors in determining whether the Government has met this standard including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) Defendant's history and characteristics; and (4) the nature and seriousness of the danger Defendant's release poses to another person or the community. 18 U.S.C. § 3142(g). The Court must resolve "doubts regarding the propriety of release" in Defendant's favor. *Motamedi*, 767 F.2d at 1405.

### 1.    Nature and Circumstances of Offense

Defendant argues "the present charge is not overly serious" (Dkt. 30 at 7). Conversely, the Government argues this offense is serious (Dkt. 32 at 5). The Court agrees with the Government. The nature of the circumstances of the offense are serious. Despite being a convicted felon,

Defendant allegedly possessed five firearms and numerous rounds of ammunition, and one of the firearms appears to have been acquired under suspicious circumstances (*id.*).

The circumstances surrounding the offense are also serious. Defendant is prohibited from possessing a firearm due to 2014 conviction for aggravated assault, during which he pointed a firearm in the victim's face; stated, "I'm going to kill you"; and then beat the victim with the firearm (Dkt. 26 at 3). Further, law enforcement discovered the firearms at issue in this case while investigating allegations that Defendant attempted to strangle a domestic partner in the presence of a child (Dkt. 29 at 3-4). Finally, during Defendant's recorded jailhouse phone calls, Defendant urges others to claim ownership of the firearms underlying the indictment (Dkt. 32 at 6). This conduct, while not charged, suggests an attempt to obstruct justice. These circumstances and the number of firearms allegedly in Defendant's possession indicate this offense is serious, and the Court finds the nature and circumstances of the offense weigh against releasing Defendant.

## 2.    Weight of the Evidence

Defendant also argues that "the weight of the evidence is not particularly strong"; "no guns were found on [him] nor at the residence"; the guns were located "through a drug dog sniff that did not initially identify the [storage] unit"; and regardless, the weight of the evidence is the least important factor (Dkt. 30 at 8) (citing *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)). In contrast, the Government argues "the evidence establishing Defendant's guilt is strong" (Dkt. 32 at 7).

In the context of a detention hearing, the "weight of the evidence" has a particularized meaning. As the Ninth Circuit has explained:

> [W]e cannot and do not anticipate what a jury would find or what defenses might be offered or what evidence might be excluded as hearsay or for other defects. We only determine that, as presented to the district court, the government's evidence

MEMORANDUM DECISION AND ORDER - 4

was enough to put the defendants on notice [that they would be] subject to a trial in which they could reasonably believe they might be convicted.

*Townsend*, 897 F.2d at 995.

Here, the weight of the evidence is sufficient to put Defendant on notice that he could be subject to a trial in which he could reasonably believe a jury might convict him. For example, law enforcement located the guns in a storage unit which Defendant admitted renting and where he worked and admitted using marijuana. According to the Government's proffer, Defendant possessed the only key to the unit's padlock (Dkt. 32 at 7). Further, during Defendant's recorded jailhouse calls, he repeatedly admits possessing the guns (*id.* at 5-7). Accordingly, the Court finds the weight of the evidence weighs against releasing Defendant.

**3.     Defendant's History and Characteristics and Seriousness of Danger**

Finally, Defendant argues his history and characteristics support his release because he has "strong family ties," "a track record of appearing for court," and "a viable release plan" (Dkt. 30 at 9-10). Defendant, however, concedes he has "a significant criminal history" and does not address the evidence of his violent tendencies (Dkt. 33 at 4). This evidence includes, for example, that Defendant was investigated for domestic battery in the presence of a child in 2010; he was convicted of aggravated assault after "pistol-whipp[ing]" the victim in 2014; and he was convicted of domestic violence with traumatic injury in 2025 (Dkt. 18 at 2-3). There are also other reports of Defendant's violent tendencies including reports of domestic violence, of "physically abusive and manipulative" behavior, and of Defendant's threat to "pull a gun" on his child's mother (Dkt. 32 at 9).

Further, there is other evidence which raises concerns about Defendant's conduct. This evidence includes that Defendant has allegedly failed to comply with a no-contact order prohibiting him from contacting his strangulation victim (Dkt. 29 at 13; *see also* Dkt. 30 at 9).

**MEMORANDUM DECISION AND ORDER - 5**

Also, Defendant stated during a recorded jailhouse call that he has been using drugs every day for the past three years, including methamphetamine and marijuana (Dkt. 32 at 6). This evidence of regular drug use; violent tendencies towards domestic partners; and an alleged recent violation of a no-contact order, which is intended to protect the strangulation victim, raise serious questions about the danger Defendant poses to others, including that victim.

Considering all the § 3142(g) factors, the Court concludes that the Government has met its burden of showing by clear and convincing evidence that Defendant presents a danger to the community. Further, the Court "finds that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e). Accordingly, it denies Defendant's motion to revoke the Magistrate Court's order of detention.

IT IS ORDERED that:

1.      Defendant Pedro Perez's Motion to Revoke Detention Order (Appeal) (Dkt. 30) is **DENIED**.

DATED: October 27, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**